IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL RASHEED, | ) )  Civil Action No. 20 – 232 |
| Plaintiff, | ) ) |
| v. | ) )  Magistrate Judge Lisa Pupo Lenihan ) |
| DETECTIVE DANIEL MAYER, *et al.*, | ) ) ) |
| Defendants. | ) |

# ORDER

Defendants have filed a Motion to Dismiss and Brief in Support thereof. (ECF Nos. 32 & 33.) One of the arguments Defendants make in their Motion is that Plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). **THE PARTIES ARE HEREBY NOTIFIED THAT THE PENDING MOTION WILL BE TREATED AS A MOTION FOR SUMMARY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 56 WITH RESPECT TO THE ISSUE OF PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES**. *See e.g.*, Washington v. Link, 750 F. App'x 84, 87 (3d Cir. 2013) (recognizing that declarations and screen-shots regarding the plaintiff's grievance history are not "indisputable authentic" documents that a court may rely on when considering a motion to dismiss); Breeland v. Baker, 439 F. App'x 93, 94 (3d Cir. 2011) ("The District Court properly recognized that, in order to consider Adams's verification along with the other grievance-related documents, the court would have to convert Dr. Baker's Rule 12(b)(6) motion into one for summary judgment."); *see also* Renchenski v. Williams, 622 F.3d 315 (3d Cir. 2010) (district court must

provide notice to *pro se* prisoners when converting a motion to dismiss into a motion for summary judgment).

Plaintiff is advised that in treating the Motion to Dismiss as a Motion for Summary Judgment on this issue, it will be evaluated under the standard set forth in Rule 56 of the Federal Rules of Civil Procedure.   Plaintiff will be given an opportunity to respond to Defendants' argument that he failed to exhaust his administrative remedies, including any additional arguments Defendants raise in support of dismissal of Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), and he is on notice that the failure to respond to the pending Motion may result in the entry of judgment against him.

**AND NOW,** this 14th day of July, 2020**;**

**IT IS HEREBY ORDERED** that no formal discovery, such as interrogatories, requests for production or requests for admission will be allowed in this case without leave of court. However, no later than **July 28, 2020**, the moving Defendants shall provide Plaintiff with all grievances and appeals or other similar documents in its possession concerning the alleged incident or incidents at issue in the Amended Complaint *if said documents exist and have not already been provided to Plaintiff*.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **August 28, 2020** to respond to the Defendants' Motion.

**IT IS FURTHER ORDERED** that **no extensions** will be granted without just cause.

**IT IS FURTHER ORDERED** that Plaintiff is advised that his response to the Motion converted into Summary Judgment may include opposing or counteraffidavits (executed by the Plaintiff or other persons) which have either been sworn to under oath (notarized) or include at

the end of the document, immediately before Plaintiff's signature, the following in accordance with 28 U.S.C. § 1746: "I declare under penalty of perjury that the foregoing is true and correct. Executed this __ day of ____ , 20__."

**IT IS FURTHER ORDERED** that all affidavits, opposing or counteraffidavits must be based upon the personal knowledge of the person executing the affidavit; that no affidavit, amended complaint, pretrial narrative or other document containing Plaintiff's allegations will be considered when determining the motion for summary judgment unless it has been notarized before a notary public or unless it contains a declaration under penalty of perjury as set forth above; that Plaintiff may attach to his affidavits copies of any depositions, answers to interrogatories, institutional records or other documents he wishes this court to consider when addressing the summary judgment motion; and that the motion for summary judgment will be evaluated under the procedure standard set forth in Rule 56 of the Federal Rules of Civil Procedure; and that failure to respond may result in entry of judgment against him.

**IT IS FURTHER ORDERED** that should Plaintiff fail to comply with this order, the Motion will be decided without the benefit of Plaintiff's response and the Court will consider dismissal of this action for failure to prosecute.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:   Abdul Rasheed
      NL-1346
      SCI Camp Hill
      P.O. Box 8837
      2500 Lisburn Road
      Camp Hill, PA   17001

      Counsel of record
      (*Via CM/ECF electronic mail*)